Minshall, J.
The principal question, and the one we shall consider jus, whether Grove had the right to maintain the action. We shall not consider the question, whether, by the discharge in bankruptcy given Yeoman and Nitterhouse in February, 1879, he ceased to be a creditor of theirs. Under the circumstances-of the case there is some doubt",on that question. It seems that the assignee in bankruptcy, with his ah tention called to the facts, declined to take any steps in the matter; and that this left it to creditors to take such steps for the purpose of subjecting the. interest *425 of the grantors in the property to the satisfaction of their claims as, by law they might, irrespective of the proceedings in bankruptcy. The question here is whether, at the instance of Grove as a creditor, the conveyance could be set aside, under section 6344, Revised Statutes, as having been made to defraud creditors; or whether under section 6343, it could be declared to have been made in trust in contemplation of insolvency to prefer one or more creditors. The court finds that the deed was in good faith accepted by Hegler to secure the debts and liabilities-for which he was liable as surety for the grantors, and debts and liabilities owing by them to him, and for all further indorsements made by him for them. On this, finding of facts the court was certainly right in holding, that, as a matter of law, the deed did not create-a trust in the hands of Hegler within the meaning of’ section 6343. The property was not conveyed to him in trust to prefer one or more creditors, but simply for the purpose of securing himself. It was, it is true, a preference to himself, but such a preference is. permitted by our laws where the creditor deals with an eye singe to himself. Atkinson v. Tomlinson, 1 Ohio St., 237; Dickson v. Rawson, 5 Ohio St., 218; Justice v. Uhl, 10 id., 170; Harkrader v. Leiby, 4 id., 602; Bloom v. Noggle, 4 id., 45. The fact that the deed was to secure him as surety on indorsements or otherwise, does not bring it within the principle on which Pendery v. Allen, 50 Ohio St., 121, was decided. In that case Emerson was to pay a debt on which he-was not surety, and it was this stipulation that brought the couveyance within the provisions of section 6343.
But the court found as a matter of fact that the deed was made by Yeoman and Nitterhouse for the- *426 purpose, on their part, to place their property beyond the.reach of their creditors; and from this it is concluded as a matter of law that it was constructively fraudulent as to Hegler, for the reason stated in the conclusion of law, “that although received and acted on by Hegler in good faith, and with no fraudulent purpose, it operated to conceal the fact of the equitable interest of Yeoman and Nitterhouse in said real estate,” and so was within section 6344. We do not think this is a legitimate conclusion so far as Hegler is concerned. He, by the finding of fact, is exonerated from auy fraud whatever in the matter. His purpose was solely to obtain security for himself. This he could do though he thereby obtained a preference. Cross v. Carstens, 49 Ohio St., 548. And the fact that the deed was absolute on its face, though in equity a mortgage, does not affect his rights as such equitable mortgagee, no fraud being designed. Kemper v. Campbell, 44 Ohio St., 210. The motive of the mortgagors cannot affect him or his rights, where his own purpose was an honest one, and he did not participate in that of the other party.
The facts, then, as found do not make a case for proceedings by a creditor under either of the sections referred to, and under which the proceedings were had. Hegler was simply an equitable mortgagee in-possession, and he could have beeen called on to account as such. And he was in fact so treated by the court. But the proceeding was not one of that character. It was a proceeding under sections 6343 and 6344 of the law in regard to insolvent debtors. And herein, we think, the error lies. Grove’s remedy, if any, was under section 5464, Revised Statutes, which provides, that “When a judgment debtor has not personal or real property subject to levy on execution *427 sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, shall be subject to the payment of the judgment, by action.” In a case on review it might be proper to disregard the form of proceeding, where a judgment has been rendered that might properly have been rendered in another form of proceeding. But this can only be so, where, in such other form, such relief might have been proper on the facts proved. Exit that is not so in this case. All the judgments held by Grove had become dormant; and no execution was or could have been issued upon any of them at the commencement of the proceeding below, as none of them had been revived; and a judgment on which an execution has been, or at least may be, issued is essential to a.proceeding in aid of execution.
Without going into other questions argued on the rehearing, we are now of the opinion, for the reason just given, that the circuit court erred in rendering judgment against the plaintiff in error, Hegler, and that its judgment should be reversed, and the petition of the plaintiff below dismissed.

Judgment accordingly.